**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000572
19-MAY-2014
08:08 AM**

NO. CAAP-11-0000572

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v.
DAVID S. BROWN, Defendant-Appellant,
and
JOHN DOES 1-50 and JANE DOES 1-50, Defendants.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 11-1-0358)

MEMORANDUM OPINION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

In this case, Plaintiff-Appellee Federal National Mortgage Association (Fannie Mae) filed a "Verified Complaint for Ejectment" (Complaint) in the District Court of the Second Circuit, Lahaina Division (district court), seeking a judgment for possession of property located at 95 Hui Road F, Apt. A, Lahaina, Hawai'i (Property) and a writ of possession directing the removal of Defendant-Appellant David S. Brown (Brown) and any other persons from the Property. Fannie Mae asserts that it is entitled to possession of the Property by virtue of a non-judicial foreclosure sale at which it purchased the Property and a "Mortgagee's Quitclaim Deed Pursuant To Power of Sale" in which OneWest Bank FSB (OneWest Bank), as the foreclosing mortgagee, conveyed the Property to Fannie Mae.

On appeal, Brown challenges the district court's entry of a "Judgment For Possession" (Judgment), a "Writ of Possession" (Writ), and an "Order (1) Granting Plaintiff's Motion for Summary

Judgment and Writ of Possession [ ] and (2) Denying Defendant David S. Brown's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ ]" (Order), all filed on July 15, 2011, in favor of Fannie Mae.[1]

Brown contends that the district court erred by (a) denying Brown's motion to dismiss, adjudicating the merits of the case, and entering the Judgment and Writ in violation of Hawaii Revised Statutes (HRS) § 604-5(d) (2013 Supp.);[2] and (b) granting summary judgment when numerous genuine issues of material fact remain.

We hold that Brown has sufficiently set forth the source, nature and extent of title he claims in the Property, as well as other particulars to fully apprise the district court of the nature of his claim to the Property. Brown has therefore shown that there is an issue of title to the Property and thus the district court lacked jurisdiction in this case. The Judgment, Writ, and Order issued by the district court are vacated, and we remand this case to the district court with instructions to dismiss for lack of jurisdiction.

I.    **Background**

The following is based on Brown's declaration and the exhibits he submitted to the district court as part of his motion to dismiss for lack of jurisdiction.[3]

On or about April 9, 2008, Brown obtained a loan in the amount of $612,500 from IndyMac Bank, F.S.B., (IndyMac) a Federally Chartered Savings Bank and executed a promissory note (Note) for repayment of the loan. To secure the Note, Brown

---

[1] The Honorable Jan Apo issued the Judgment, Writ, and Order entered in this case. The Honorable Blaine Kobayashi issued the "Amended Judgment for Possession" and the "Amended Writ of Possession" on August 3, 2011, as well as the "Order Denying Defendant David S. Brown's Motion for a Stay Pending Appeal Filed on July 28, 2011" on September 23, 2011.

[2] HRS § 604-5(d) provides that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question . . . . ."

[3] Although Brown alleged several grounds challenging the foreclosure, we focus on his allegation that he was offered an opportunity to modify his loan and mortgage.

executed a mortgage on the Property, dated April 9, 2008 (Mortgage), which was recorded in the Bureau of Conveyances of the State of Hawai'i (Bureau) on April 16, 2008 (Doc No 2008-059465). The Mortgage identified IndyMac as the "lender" and identified Mortgage Electronic Registration Systems, Inc. (MERS) as the "nominee" for IndyMac and the mortgagee under the Mortgage. The Mortgage defines "Borrower" as "David S Brown Husband of Alesha Cherie Brown As Tenant In Severalty," and further states that "Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record." The Mortgage further provides that, for the purpose of securing the specified rights, "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successor and assigns) and to the successors and assigns of MERS, with power of sale, [the Property]."

After closing the loan, Brown asserts that it "became very difficult" to make the required monthly payments due to a disability. In a letter dated June 11, 2009, IndyMac (which the letter identifies as a division of OneWest Bank) advised Brown that he may qualify for a loan modification under the federal government's Home Affordable Modification program (HAMP). The letter enclosed a Trial Period Plan (TPP) and stated that if Brown qualified under HAMP and complied with the terms of the TPP, "we will modify your mortgage loan and you can avoid foreclosure." It appears that Brown and IndyMac subsequently executed a TPP which provided that "[i]f [Brown is] in compliance with this [TPP] and [his] representations in Section 1 continue to be true in all material respects, then [IndyMac] will provide [Brown] with a Home Affordable Modification Agreement . . . that would amend and supplement" the Mortgage and the Note. The TPP called for three payments of $2,543.80 to be due on or before July 1, 2009, August 1, 2009, and September 1, 2009. The TPP also provided that:

> B.    Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;
>
> C.    If my property is located in . . . Hawaii . . . and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated[.]

Brown contends that given the TPP, there was no right to pursue foreclosure on the Property so long as he was in compliance with the TPP.  At the time the TPP was entered, no foreclosure proceeding had been initiated.

Brown asserts that he fully complied with the TPP and made all three required payments.  However, he contends that on or about August 20, 2009, MERS assigned its right, title and interest in the mortgage on the Property to OneWest Bank.  Brown further contends that, upon submission of his third payment in the full amount in August 2009, OneWest Bank rejected the payment in a letter dated August 27, 2009, and "strangely" stated that "the amount received does not represent the total amount due at this time."  OneWest Bank further instructed that Brown should contact the office immediately to discuss how to bring the loan current.

An "Assignment of Mortgage" was recorded in the Bureau on September 16, 2009 (Doc No 2009-141723).  On that same date, OneWest Bank recorded with the Bureau a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" (Doc No 2009-141724).

A "Mortgagee's Affidavit of Foreclosure Under Power of Sale" was recorded with the Bureau on June 30, 2010 (Doc No 2010-091765), which indicates that the Property was sold at a public auction held on June 16, 2010.

4

## II.  District Court Proceedings

Fannie Mae filed its Complaint on February 7, 2011, in the district court.  Submitted with the Complaint were a "Mortgagee's Quitclaim Deed Pursuant to Power of Sale" recorded with the Bureau on July 27, 2010 (Doc No 2010-106490), indicating that OneWest Bank granted the Property to Fannie Mae, as well as a copy of a letter dated August 4, 2010, in which Fannie Mae instructed Brown to vacate the Property within ten (10) calendar days.  On April 18, 2011, Fannie Mae filed a motion for summary judgment and writ of possession.

On April 26, 2011, Brown filed his motion to dismiss for lack of subject matter jurisdiction pursuant to HRS § 604-5(d) and District Court Rules of Civil Procedure (DCRCP) Rule 12.1.[4]  Attached to the motion to dismiss was Brown's declaration and seventeen exhibits.  Brown's declaration states that he and his wife are the owners and superior title holders of the Property, as evidenced by an attached "Quitclaim Apartment Deed," and that *inter alia* he had accepted an offer from Fannie Mae and IndyMac to enter into a TPP which provided that the Property would not be foreclosed upon and his mortgage would be modified so long as Brown complied with the TPP.  Brown's declaration attests that he fully complied with the TPP, and thus, there was no right to initiate the non-judicial foreclosure proceedings against the Property (through which Fannie Mae asserts it purchased the Property).

---

[4]  DCRCP Rule 12.1 provides

> **Rule 12.1. Defense of Title in District Courts.**
> **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

On May 11, 2011, after filing his motion to dismiss in the district court, Brown filed a complaint against OneWest Bank, Fannie Mae, and MERS in the Circuit Court of the First Circuit (circuit court) (Civ. No. 11-1-0941-05) claiming *inter alia* he had superior title to the Property, and that the non-judicial foreclosure and transfer of title to the Property were legally null and void because he had complied with the TPP.

The next day, on May 12, 2011, Brown filed a motion in this case requesting that the district court take judicial notice of the circuit court action. Brown asserts that the circuit court action supports his contention that title to the Property is at issue.

At a June 16, 2011 hearing, the district court granted Fannie Mae's motion for summary judgment and denied Brown's motion to dismiss. On July 15, 2011, the district court entered the Order, Judgment, and Writ.

On June 28, 2011, Brown filed a motion for reconsideration. The district court denied the motion. On August 3, 2011, the district court entered an "Amended Judgment for Possession" and an "Amended Writ of Possession".

**III. Discussion**

**A. Brown's Motion to Dismiss**

Brown contends that, pursuant to HRS § 604-5(d), the district court did not have jurisdiction over Fannie Mae's complaint for ejectment because the title to the Property is in dispute, thus the district court should have granted Brown's motion to dismiss. "[T]he existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res., 113 Hawaiʻi 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks and citation omitted).

Pursuant to DCRCP Rule 12.1., where a defendant asserts HRS § 604-5(d) as a defense to the jurisdiction of the district court, the defendant must raise the defense in a written answer or motion, and must attach an affidavit thereto. Deutsche Bank

Nat. Trust Co. v. Peelua, 126 Hawai'i 32, 36, 265 P.3d 1128, 1132 (2011). According to the plain language of DCRCP Rule 12.1,

> the source, nature, and extent of title claimed by the defendant, must be described to the court with some detail and specificity. In addition to particularly describing the source, nature, and extent of title, the defendant may also include in the affidavit any other particulars, the objective being to apprise the court fully of the nature of the defendant's claim.

Id. at 37, 265 P.3d at 1133.

In this case, Brown submitted a declaration and numerous exhibits attached to the motion to dismiss that he argues satisfies the requirements of DCRCP Rule 12.1. In his declaration, Brown asserts that he has superior title to the Property as demonstrated by an attached deed. Brown further declared, among other things, that:

> 12. After closing the loan, due to a disability, it became very difficult for me to make my monthly payments. . . . Thus, in July of 2009, Plaintiff Fannie Mae and [IndyMac] invited me to participate in [HAMP], . . .

> 13. On June 19, 2009, I accepted Fannie Mae and [IndyMac's] offer [to participate in HAMP], and entered into a [TPP], and provided them with all of the required documentation . . . . I was promised therein that as long as I complied with the [TPP], my property would not be foreclosed upon and my mortgage would be permanently modified upon making the three monthly payments of $2,543.8[0] required under the [TPP].

> 14. Therefore, I submitted my first and second payments under the [TPP] in the amount of $2,543.80, which were accepted. I submitted my third payment in August 2009, in the amount of $2,543.80. . . .

> 15. Despite my timely submission of that payment and despite my full compliance with the terms of the [TPP], One West [sic] Bank returned my check to me along with a letter dated August 27, 2009, . . . strangely explaining that "the amount received does not represent the total amount due at this time."

>     . . . .

> 17. [On September 16, 2009] OneWest Bank recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale in the Bureau of Conveyances, initiating a nonjudicial foreclosure upon [the Property] in breach of the [TPP]. . . .

>     . . . .

> 20. [B]ecause I accepted the terms of its and Fannie Mae's offer to modify my loan through a [TPP] under the federal HAMP program, because I complied with all of the requirements of that [TPP], and because Fannie Mae and

> OneWest Bank breached the terms of that plan, OneWest Bank
> was estopped from proceeding with foreclosure upon my home.

Approximately two weeks after his motion to dismiss was filed, Brown filed his motion requesting that the district court take judicial notice of the circuit court action and attached the circuit court complaint that asserted *inter alia* his entitlement to title of the Property.

In its answering brief, Fannie Mae does not seem to contest whether Brown sufficiently asserted the "source, nature and extent of the title" claimed, simply arguing that a defendant "must provide detail" but then focusing on the argument that the non-judicial foreclosure was conducted properly. Regardless of whether Fannie Mae is challenging the level of detail provided by Brown as to the source, nature and extent of title he claims, Brown has provided enough detail in his declaration, the attached deed, and the Mortgage from which we can "deduce" or "discern" the source, nature and extent of title claimed. See Peelua, 126 Hawaiʻi at 38, 265 P.3d at 1134. The Mortgage reflects that Brown held title as Tenant In Severalty, and the Quitclaim Apartment Deed reflects that Brown then conveyed his interest in the Property to himself and his wife as Tenants by the Entirety. See Monette v. Benjamin, 52 Haw. 246, 248-49, 473 P.2d 864, 865 (1970).

Brown's declaration also sets forth with particularity *inter alia* the basis for his claim challenging Fannie Mae's assertion of title to the Property such as to apprise the district court how his allegation bears on the question of title. See Peelua, 126 Hawaiʻi at 38, 265 P.3d at 1134. His declaration raised the specific contention that the non-judicial foreclosure was improper because he and IndyMac had entered into the TPP under which IndyMac allegedly agreed not to pursue foreclosure.

Additionally, Brown brought to the attention of the district court his circuit court complaint, in which Brown *inter alia* sought relief based on his claim that he had superior title in the Property and that his full compliance with the terms of

the TPP meant the non-judicial foreclosure was null and void.[5] Fannie Mae has not contested the timeliness of Brown's challenges to the foreclosure. The filing of the circuit court complaint demonstrates title is in dispute because if Brown were to succeed in that action, he would establish title to the subject property. See Fukumoto v. Onogi, 120 Hawai'i 255, 203 P.3d 675, No. 28561, at *3 (App. Feb. 26, 2009) (SDO) (holding that the district court lacked jurisdiction where a defendant in an ejectment action filed a separate action in circuit court to invalidate a trust amendment because the potential success of the petition meant defendant would have title to the subject property). Bare assertions are insufficient to satisfy the requirements of Rule 12.1. See Peelua, 126 Hawai'i at 38, 265 P.3d at 1134. However, Brown's claim that the TPP precluded initiation of the non-judicial foreclosure raises a question whether Fannie Mae has good title to the Property.

OneWest Bank pursued non-judicial foreclosure pursuant to HRS §§ 667-5 to -10 (1993 and 2010 Supp.). At the time of foreclosure in this case, HRS § 667-5 provided in relevant part:

> §667-5 Foreclosure under power of sale; notice; affidavit after sale. (a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State.

(Emphasis added). The Hawai'i Supreme Court in Lee v. HSBC Bank USA, 121 Hawai'i 287, 218 P.3d 775 (2009) noted that HRS § 667-5 specifically requires a "breach of a condition of the mortgage" before a right to execute a non-judicial foreclosure arises. Id. at 291, 218 P.3d at 779. The supreme court held that where the borrowers were no longer in default, and thus have no longer breached a condition of the mortgage, the mortgagee no longer had authority to exercise the right to power of sale. Id.

---

[5] A court may take judicial notice of records and files of related cases. Roxas v. Marcos, 89 Hawai'i 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998).

Pertinent to our case, the Lee court favorably cited two cases from other jurisdictions which held that borrowers were not in breach of a mortgage, and were thus not in default, because the borrowers and the lenders had entered into foreclosure forbearance agreements under which the lenders agreed to postpone pursuit of foreclosure. Id. at 293-94, 218 P.3d at 781-82 (citing Taylor v. Just, 59 P.3d 308, 310 (Idaho 2002), and Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp., 149 P.3d 150, 155 (Or. Ct. App. 2006) ("[A]lthough the parties agreed that a default exists, they also agreed that that default did not entitle [lender] to foreclose the trust deed as long as [borrower] complied with the terms of the forbearance agreement.")). Here, Brown contends that under the TPP, so long as he was in compliance with the TPP, the mortgagee would not pursue foreclosure and he was entitled to a modification of his loan. Further, IndyMac's letter inviting Brown to enter the TPP instructed that "[a]s long as you comply with the terms of the [TPP], we will not start foreclosure proceedings or conduct a foreclosure sale if foreclosure proceedings have started."

Fannie Mae and Brown dispute whether there exists a private cause of action to enforce the terms of the TPP, citing to a series of federal district court cases. However, the Ninth Circuit Court of Appeals held in Corvello v. Wells Fargo Bank, NA, 728 F.3d 878, 884 (9th Cir. 2013), that "[w]here, as here, borrowers allege, . . . that they have fulfilled all of their obligations under the TPP, and the loan servicer has failed to offer a permanent modification, the borrowers have valid claims for breach of the TPP agreement." (adopting the reasoning of Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547 (7th Cir. 2012)).

In turn, it is at least arguable that where there is an applicable agreement not to pursue foreclosure under a TPP, and the borrower is in full compliance, there is no breach of a condition of a mortgage and thus no right to non-judicial foreclosure under HRS § 667-5. See Lee, 121 Hawai'i at 292-94, 218 P.3d at 780-82. At a minimum, this is an issue that Brown asserted with sufficient particularity before the district court

and that calls into question title to the Property. Brown's declaration in support of his motion to dismiss asserts that he was in full compliance with the TPP and that he made all three payments required by the TPP. If Brown is correct, it raises a question whether the non-judicial foreclosure proceedings should have been brought against the Property, through which Fannie Mae claims title. Thus, if Brown is successful in his circuit court claim, his title to the Property could still be valid.

For the reasons stated above, we conclude that Brown has sufficiently demonstrated that title to the Property is in issue and thus the district court lacked jurisdiction in this matter.

### B. Summary Judgment

Because we have determined that the district court lacked jurisdiction, we also vacate the district court's grant of summary judgment.

### IV. Conclusion

For the foregoing reasons, we vacate the "Judgment For Possession," the "Writ of Possession," and the "Order (1) Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed April 18, 2011 and (2) Denying Defendant David S. Brown's Motion to Dismiss for Lack of Subject Matter Jurisdiction Filed April 25, 2011", all filed on July 15, 2011, in the District Court of the Second Circuit, Lahaina Division. This case is remanded to the district court with instructions to dismiss this case for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, May 19, 2014.

On the briefs:

Gary V. Dubin
Frederick J. Arensmeyer
Zeina Jafar
(Dubin Law Offices)
for Defendant-Appellant

Charles R. Prather
Sofia M. Hirosane
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

11